IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK FRANCIS CHRISTENSEN,                    Civil No. 08-1471-AA

      Petitioner,                          OPINION AND ORDER

    vs.

JOHN KROGER, et al.,

      Respondents.

_____

Charles M. Simmons
Stunz, Fonda, Kiyuna & Horton, LLP
40 South Oregon Street
Ontario, Oregon 97914
    Attorney for petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for respondents

AIKEN, Judge:

Petitioner brings this action under 28 U.S.C. § 2254 to attack his June 2002 conviction from Coos County, Oregon. Petitioner is currently imprisoned in county jail in Boise, Idaho due to a parole violation in State of Idaho v. Christensen, where petitioner was sentenced to two to seven years in prison. Petitioner alleges the Idaho sentencing court considered "the convictions challenged in this Petition" when sentencing petitioner, as had the court not considered these convictions, it would have sentenced petitioner to "six months at most, and likely to probation."

The State challenges the petition arguing that petitioner is not "in custody" under 28 U.S.C. § 2254 and therefore this court lacks jurisdiction to address petitioner's claims.

A requirement to proceed under 28 U.S.C. § 2254 is that the state prisoner be "in custody" on the conviction or sanction he challenges. Petitioner attacks his June 2002 Coos County conviction for Coercion. There is no dispute that petitioner is no longer in physical custody for his June 2002 Coos County conviction as he was discharged from post-prison supervision on February 2, 2007. The petition in this case was filed on December 22, 2008. Petitioner argues, however, that while he has completed serving the prison sentence imposed for the Oregon convictions, and has been discharged from post-prison supervision, petitioner remains in state custody as a result of

those convictions.

Respondents argue this court lacks jurisdiction over the petition because petitioner was not in custody when the petition was filed, and therefore, he "suffers no present restraint from a conviction." Maleng v. Cook, 490 U.S. 448 (1989). Respondents assert that in Maleng, the United States Supreme Court held that a habeas petitioner does not remain in custody after the conviction once "the sentence imposed for [that conviction] has fully expired." Id. at 492. Respondents misread Maleng. There, petitioner was convicted in 1958 of robbery in Washington state court and sentenced to 20 years in prison; this sentence expired by its terms in 1978. Id. at 489. In 1976, while on parole from that sentence, petitioner was convicted of two counts of assault and one count of aiding a prisoner to escape. In 1978, he was sentenced to two life terms and one 10-year term on those convictions. Id.

In 1976, petitioner was also convicted of bank robbery and conspiracy in federal court and sentenced to 30 years of imprisonment. Id. While serving his federal sentence in a federal penitentiary in California, the State of Washington lodged a detainer against him with federal prison authorities. Petitioner was then scheduled to begin serving the sentences imposed upon him by the Washington courts in 1978 at the expiration of his federal term. Under Washington law, the 1958 conviction increased the mandatory minimum term the petitioner

would have to serve on the 1978 sentences.  Id.

Respondents here argue that the Maleng Court concluded that since the 1958 sentence had expired by its terms in 1978, petitioner was not "in custody" for the purposes of § 2254 and so could not directly challenge his 1958 conviction under that statute.  Id. at 492.  The Court, however, went on to conclude that because the petition for habeas corpus had referenced the fact that the sentences for the 1978 convictions had been enhanced due to the 1958 conviction, the petition could be "read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction."  Id. at 493.  The Court held that petitioner was "in custody" under the 1978 state sentences which he has not yet begun to serve."  Id.  Based on this conclusion, the Court concluded that petitioner satisfied the "in custody" requirement for federal habeas jurisdiction. Id. at 493-94.

The Supreme Court recently upheld Maleng's reasoning in Lackawanna County Dist. Attorney v. Coss.  532 U.S. 394, 401 (2001).  In Lackawanna, petitioner was convicted in 1986 of simple assault, institutional vandalism, and criminal mischief in Pennsylvania state court and sentenced to two consecutive prison terms of six months to one year.  Id. at 397.  In 1990, after serving the full sentences for the 1986 convictions, petitioner was again convicted in Pennsylvania state court, this time of aggravated assault.  Id. at 398.  The court took the 1986

convictions into consideration in sentencing the petitioner.  Id.

at 399.  Analogizing to the facts in Maleng, the Court concluded

that because the petition "[could] be (and ha[d] been) construed

as 'asserting a challenge to the [1990] senten[ce] as enhanced by

the allegedly invalid prior [1986] conviction," petitioner

satisfied the "in custody" requirement of § 2254.  Id. at 402-03.

While petitioner here alleges he is challenging his 2002

convictions of coercion and harassment and does not directly

state a challenge to his current incarceration because of his

Idaho conviction of parole violation, his petition, in fact,

states:

> Petitioner is imprisoned in the Ada County Jail in Boise,
> Idaho as a result of an alleged parole violation . . . where
> Petitioner was sentenced to two to seven years in prison.
> The convictions challenged in this Petition were considered
> by the Idaho court in sentencing Petitioner, and had the
> Court not considered these unlawful convictions, it would
> have sentenced Petitioner to six months at the most, and
> likely to probation.  Therefore, while Petitioner has
> completed serving the prison sentence imposed for the Oregon
> convictions, and has been discharged from post-prison
> supervision, Petitioner is still in custody as a result of
> those convictions.

Pet. for Writ of Habeas Corpus, p.4.  I find no basis to

distinguish petitioner's case from the facts in Maleng and

Lackawanna.  Under Maleng and Lackawanna, petitioner is "in

custody" for the purposes of § 2254, and this court has

jurisdiction to consider his claims.

## Conclusion

Respondents' implied motion to dismiss based on lack of

jurisdiction is denied.  Further, pursuant to respondents'

request, any response on the merits to petitioner's § 2254

petition is due December 2, 2009.

IT IS SO ORDERED.

    Dated this ____8____ day of October 2009.


                        ____/s/ Ann Aiken_____
                              Ann Aiken
                     United States District Judge