FILED'11 FEB 15 10:41USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK FRANCIS CHRISTENSEN,                    Civil No. 08-1471-AA

      Petitioner,                            OPINION AND ORDER

    vs.

JOHN KROGER, et al.,

      Respondents.

---

Anthony D. Bornstein
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97205
    Attorney for petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
1162 Court Street NE
Salem, Oregon 97301-4096

Page 1 - OPINION AND ORDER

Attorneys for respondents

AIKEN, Chief Judge:

### BACKGROUND

Petitioner brings this action under 28 U.S.C. § 2254 to attack his June 2002 conviction of Coercion (ORS 163.275) and Harassment (ORS 166.065) from Coos County, Oregon. Petitioner pleaded not guilty and was tried by a jury and convicted of both counts. On July 10, 2002, petitioner filed a timely notice of appeal to the Oregon Court of Appeals. On February 9, 2005, the Court of Appeals affirmed without opinion. Petitioner filed a timely petition for review to the Oregon Supreme Court, which was denied on May 24, 2005. The appellate judgement was issued on July 1, 2005. Petitioner declined to file a petition for certiorari in the United States Supreme Court.

On December 12, 2005, petitioner filed a timely petition for state post-conviction relief in the Coos County Circuit Court. The court held a hearing on the petition and on July 11, 2006, entered a judgment denying the petition. On August 8, 2006, petitioner then filed a timely notice of appeal to the Oregon Court of Appeals. On July 16, 2008, the Court of Appeals affirmed without opinion. Petitioner filed a timely petition for review, which was denied by the Oregon Supreme Court on November 5, 2008.

In 2006, petitioner plead guilty to domestic violence in the

Page 2 - OPINION AND ORDER

Third Judicial District of Payette County Idaho in <u>State of Idaho</u>
<u>v. Christensen</u>.  Petitioner was then imprisoned in county jail in
Boise, Idaho due to a parole violation in <u>State of Idaho v.</u>
<u>Christensen</u>, where petitioner was sentenced to two to seven years
in prison.

In October 2009, this court previously entered an opinion
finding that petitioner satisfies jurisdictional requirements for
federal habeas review.  <u>See</u> Opinion and Order, doc. 18, October
13, 2009.

DISCUSSION

<u>Coercion - Inadequacy of the Evidence</u>

Petitioner challenges his conviction for coercion arguing
that it rests on constitutionally insufficient evidence and
therefore violates his right to due process of law under the
Fourteenth Amendment.  Further, petitioner alleges the Idaho
sentencing court considered "the convictions challenged in this
Petition," so that if the court had not considered these
convictions, it would have sentenced petitioner to "six months at
most, and likely to probation" (versus the 2 to 7 years sentence
the court imposed).

Petitioner alleges, in part:

Petitioner is imprisoned in the Ada County Jail in Boise,
Idaho as a result of an alleged parole violation . . . where
Petitioner was sentenced to two to seven years in prison.
The convictions challenged in this Petition were considered
by the Idaho court in sentencing Petitioner, and had the
Court not considered these unlawful convictions, it would

Page 3 - OPINION AND ORDER

have sentenced Petitioner to six months at the most, and
likely to probation.  Therefore, while Petitioner has
completed serving the prison sentence imposed for the Oregon
convictions, and has been discharged from post-prison
supervision, Petitioner is still in custody as a result of
those convictions.

Pet. for Writ of Habeas Corpus, p.4.

The respondent argues that petitioner's claim of

insufficient evidence to support his Coercion conviction is

defaulted because petitioner failed to fairly present the federal

nature of his claim to the Oregon courts and therefore the claim

is unexhausted.  Petitioner responds that his claim is fully

preserved for this court's review because he fairly presented the

issue of evidentiary sufficiency to the Oregon Supreme Court.

A claim is fairly presented if a petitioner presents the

"substance" of his federal habeas corpus claim" to the state

courts.  Anderson v. Harless, 459 U.S. 4, 6 (1982)(internal

quotation omitted).  "It follows, of course, that once the

federal claim has been fairly presented to the state courts, the

exhaustion requirement is satisfied." Picard v. Connor, 404 U.S.

270, 278 (1971).

Respondent contends that the issue before this court is not

whether the Oregon courts reviewed petitioner's challenge to the

sufficiency of the evidence standard under Jackson v. Virginia, 443

U.S. 307 (1979), instead, the issue before the Court of Appeals was

whether the trial court committed error in failing to enter a sua

sponte judgment of acquittal.  On direct appeal, petitioner set

Page 4 - OPINION AND ORDER

forth the following single assignment of error:

> Did the court err in failing to enter a judgment of
> acquittal sua sponte because the state did not present
> sufficient evidence from which a reasonable trier of
> fact could have convicted defendant of coercion?

Ex. 108, Appellant's Brief, p. 2.

Respondent contends that cases relied upon by petitioner discuss instances where the trial court committed error for denying a motion for judgment of acquittal based upon an insufficiency of the evidence. The cases do not address whether a trial court erred in failing to "sua sponte" dismiss a charge for insufficiency fo the evidence. Petitioner's Ex. A-D. Respondent's attempt to distinguish petitioner's claim from the case law lacks merit. Therefore, assuming that the state courts did, in fact, review petitioner's claim on the merits pursuant to Jackson v. Virginia, I find the state courts' decisions are not contrary to, nor an unreasonable application of, existing United States Supreme Court law. The sufficiency standard in Jackson is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. 443 U.S. at 319. Specifically, petitioner argues that there was no evidence to support a finding in favor of the state on two elements of Coercion: that the victim was actually compelled or induced to engage in conduct in which he had a right not to engage.

Page 5 - OPINION AND ORDER

The crime of Coercion has three elements: the accused must (1) compel the victim to do something; that (2) the victim has the right not to do; by (3) making the victim afraid that if he or she does not do it, one of the enumerated consequences will result. State v. Phillips, 206 Or. App. 90, 95, 135 P.3d 461, rev. den., 341 Or. 548 (2006). Moreover, the state standard for showing the compulsion element of the Coercion statute is low. If the evidence, viewed in the light most favorable to the state, would permit a rationale juror to infer that a Coercion defendant's threats induced the victim to do anything "for some period of time," that the victim would not otherwise have done, absent defendant's threat, that evidence is sufficient to show the compulsion element of Coercion. Id. 208 Or. App. at 96-97. Here, the record contains evidence which, when viewed in favor of the state, demonstrates that the victim was induced to employ petitioner's girlfriend, Rogers, longer than he otherwise would have. Specifically, the record contains evidence that Mangan (victim) temporarily refrained from terminating his employment relationship with Rogers because of defendant's threats to kill Mangan and his family unless he continued his employment relationship with Rogers. The jury could have reasonably inferred, based on the evidence, that Mangan refrained, even temporarily, from firing Rogers because of defendant's threats. Based on Phillips, the fact that the jury could reasonably infer from the

Page 6 - OPINION AND ORDER

evidence that Mangan extended Rogers' employment due to petitioner's threats means that the evidence was sufficient to support the jury's finding on the element of compulsion in support of the crime of Coercion.

Petitioner also argues that the evidence does not establish the second element of Coercion, i.e., that Mangan had a legal right to discontinue Rogers' employment. I disagree. Regardless of the fact that the employment contract had a 30-day notice provision, it was not unlawful or illegal for Mangan to end his employment relationship with an employee whose performance was poor, and whose boyfriend was threatening to kill him and his family. It simply means that Mangan would have breached the notice provision if he terminated the relationship without notice, which may have permitted Rogers to recover civil damages for breach, but does not make the breach itself illegal.

In conclusion, when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the elements of Coercion were met beyond a reasonable doubt. The post-conviction court's finding is supported by the record, and therefore, trial counsel was not inadequate or ineffective in failing to move for judgment of acquittal.

Enhancement of Idaho Sentence

Petitioner next alleges that his expired Oregon state conviction enhanced his Idaho state sentence. Petitioner relies on

Page 7 - OPINION AND ORDER

Exhibit E which reflects that he was charged in Payette County, Idaho with one count of Domestic Violence (Felony) and one count of Assault or Battery on Certain Personnel (Misdemeanor). Petitioner's charges arose from a domestic violence incident with Marguerite Rogers. On October 28, 2006, petitioner was arrested after Rogers reported to the police that petitioner hit her in the face. Petitioner ultimately pled guilty via a plea agreement to the single count of Domestic Violence (Felony).

Petitioner argues that he "is in custody on an Idaho conviction that is 'positively and demonstrable related to' the Oregon conviction he attacks. Petitioner's Idaho sentence was enhanced only because of his prior Oregon personal felony." Petitioner's Reply to Response to Habeas Petition, p. 4. Petitioner alleges:

> Petitioner is imprisoned in Ada County Jail in Boise, Idaho as a result of an alleged parole violation in State of Idaho v. Mark Francis Christensen, Payette County, Idaho, Third Judicial District Court Case No. CR-2006-03875, where Petitioner was sentenced to two to seven years in prison. The convictions challenged in this Petition were considered by the Idaho court in sentencing Petitioner, and had the Court not considered these unlawful convictions, it would have sentenced Petitioner to six months at the most, and likely to probation[.]

Petition, p. 4.

There is no evidence before this court that petitioner's Oregon criminal history was considered by the Idaho court for his Idaho sentencing, or that "but for petitioner's Oregon conviction"

Page 8 - OPINION AND ORDER

the Idaho court would have sentenced him to "probation or six months, at the most." In fact, petitioner's Idaho conviction does not reference in any way his Oregon conviction or a parole violation. See Ex. 102, Corrections Information. Petitioner appears to have been charged and convicted based upon his new felony domestic violence crime of hitting Marguerite Rogers, with whom he lived.

Petitioner argues that his Idaho conviction and sentence was the result of a conviction under Idaho Code (I.C.) 18-918(5), which allows for a person to be found guilty (or pled guilty) under I.C. 18-918, or "any substantially confirming foreign criminal violation[.]" For purposes of I.C. 18-918, "substantially conforming foreign criminal violations" exist when there has been another violation of federal or another state's law "substantially conforming" with the provisions of this section. The determination of whether a foreign criminal violation is substantially conforming is a question to be determined by the Idaho state sentencing court. I.C. 18-918(6). Other than petitioner's 1995 conviction for Assault in the Fourth Degree, it does not appear that petitioner's prior convictions, specifically for Coercion, would qualify as substantially conforming foreign criminal violations for Idaho's criminal violation of Domestic Violence. In fact, petitioner's crime, as set forth in the police report, appears to constitute a felony under I.C. 18-903(2). Therefore, without prior criminal

Page 9 - OPINION AND ORDER

enhancements, petitioner was subject to a felony sentencing range not to exceed ten years.

In conclusion, I find no evidence to establish the basis for petitioner's Idaho sentence or what prior convictions, if any, were used as enhancements. Petitioner's plea agreement specifically states that, "[t]he State will refrain from filing Part II, Habitual Offender Status sentencing enhancement." Petitioner's Ex. E, Plea Agreement, p. 3. Therefore, petitioner's allegation that his Oregon conviction enhanced his Idaho conviction fails.

## Conclusion

Petitioner's Petition for Writ of Habeas (doc. 1) is denied. This case is dismissed and all pending motions are denied as moot. Finally, if petitioner desires to file a notice of appeal in this case, the court certifies that the petitioner has made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This cause is appropriate for appellate review.

IT IS SO ORDERED.

Dated this ___13___ day of February 2011.


_____
Ann Aiken
United States District Judge